Filed 5/2/22  P. v. Fox CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C094314 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19F7182, 20F5798, 20F7295) |
| v. | |
| GARY GLEN FOX, | |
| Defendant and Appellant. | |

Defendant Gary Glen Fox appeals from his sentence in three criminal cases. Specifically, defendant contends that we must remand for resentencing because the trial court's imposition of an upper term sentence on the principal count does not satisfy the new requirements of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which took effect while his appeal was pending and applies retroactively to his case.  The People agree.

1

We conclude Senate Bill 567 is an ameliorative statute that applies retroactively to defendant's nonfinal case and defendant is entitled to resentencing under the amended statute. We accordingly vacate the sentence and remand the matter to the trial court to resentence defendant.

### FACTS AND HISTORY OF THE PROCEEDINGS

In an open plea, defendant pleaded no contest to receiving a stolen motor vehicle with a prior (Pen. Code, §§ 496d, subd. (a), 666.5; case No. 19F7182; statutory section citations that follow are to the Penal Code) second degree robbery (§ 211; case No. 20F7295), four counts of resisting an officer (§ 148, subd. (a)(1); case No. 20F7295), and first degree burglary (§§ 459, 460, subd. (a); case No. 20F5798).

At the sentencing hearing for all three cases, the trial court listed the aggravating factors it considered in deciding whether to select the upper term for first degree burglary: (1) the manner in which defendant carried out the burglary indicated planning and sophistication (Cal. Rules of Court, rule 4.421(a)(8); rule references that follow are to the California Rules of Court), (2) defendant's prior convictions were numerous and of increasing seriousness (rule 4.421(b)(2)), (3) defendant has served a prior prison term (rule 4.421(b)(3)), and (4) defendant was on probation when he committed the crime (rule 4.421(b)(4)).

The trial court sentenced defendant to an aggregate term of 20 years in state prison, consisting of: the upper term of six years for first degree residential burglary, doubled to twelve years due to a prior strike; one year (one-third the middle term) for second degree robbery, doubled to two years due to the strike, plus a five-year enhancement for a prior serious felony; and one year (one-third the middle term) for receiving a stolen motor vehicle. For the four counts of resisting an officer, the trial court sentenced defendant to time served.

Defendant timely appealed, and the trial court granted his request for a certificate of probable cause.

While defendant's appeal was pending, the Legislature enacted Senate Bill 567 (2021-2022 Reg. Sess.), which took effect on January 1, 2022. Among other things, the bill amended section 1170, subdivision (b) to prohibit trial courts from considering aggravating circumstances to justify an upper term sentence, unless the facts underlying each aggravating factor have been established by one of three prescribed methods. (Stats. 2021, ch. 731, § 1.3.)

## DISCUSSION

### I

### *Retroactive Application of Senate Bill No. 567*

As amended, section 1170, subdivision (b) provides that aggravating circumstances only justify the imposition of an upper term sentence if "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) The amended statute also adds a third acceptable method of factfinding, permitting courts to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

The People correctly concede the amended version of section 1170, subdivision (b) applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Conley* (2016) 63 Cal.4th 646, 657 ["in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible"]; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [holding Senate Bill 567 applies retroactively to nonfinal convictions on appeal].)

3

## II

### *Defendant's Upper Term Sentence*

Defendant contends that these amendments to section 1170, subdivision (b) require reversal of his sentence and remand for resentencing because the trial court based the upper term sentence for first degree burglary on underlying facts that did not meet the new requirements of the amended statute.  Specifically, defendant argues he did not stipulate to any of the facts underlying the aggravating circumstances the trial court considered in selecting an upper term sentence, neither a jury nor the judge found any of the underlying facts true beyond a reasonable doubt, and the prosecution did not offer any certified records of defendant's prior convictions.  The People agree that the trial court did not find the underlying facts in a manner consistent with the amended statute.  The parties likewise agree that remand for resentencing consistent with the amendments to section 1170, subdivision (b) is the proper remedy.

We agree with the parties and will remand for a full resentencing.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)

On remand, the trial court may revisit all of its sentencing choices in light of new legislation.  (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

4

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded to the trial court for resentencing.

_____

HULL, J.

We concur:

_____

BLEASE, Acting P. J.

_____

RENNER, J.